THE STATE OF NEW JERSEY, PROSECUTOR-RESPONDENT, v. JOHN SIPPEL, DEFENDANT-APPELLANT.

Argued March 1, 1948—Decided March 1, 1948.

Before Justice COLIE, sitting alone pursuant to the statute.

For the appellant, *Mackerly & Friedman*.

For the respondent, no appearance.

COLIE, J.   This is an appeal under *R. S.* 39:5–23 from a judgment of conviction entered against the appellant before Mary C. Hutchison, a Justice of the Peace of Warren County. The original warrant and conviction returned to the court by the Justice of the Peace discloses that John Sippel was

charged with operating a motor vehicle on December 21st, 1947, in Frelinghuysen Township, Warren County, New Jersey, carelessly and heedlessly on the left-hand side of the road and thereby colliding with an automobile driven by one Melvin S. Gould. The matter was tried before the Justice of the Peace and the appellant was convicted as charged and a penalty of $25 and costs was imposed. The aforesaid Justice of the Peace sits at Vienna in the County of Warren and the complaint was made and the trial had at Vienna.

This court is urged to reverse the conviction on the ground that the proceedings were not in compliance with *R. S.* 39:5–3. That section, so far as pertinent, reads as follows:

"All complaints shall be made before a magistrate of the municipality in which it is alleged that the violation occurred but in the event there shall be no magistrate or should no magistrate in such municipality be available for the acceptance of bail and disposition of the case, or should the magistrates in such municipality be disqualified because of personal interest in the proceedings, or for any other legal cause, said complaint shall be made to a magistrate in the next nearest municipality to the one in which it is alleged such a violation occurred, except in those counties where a county traffic court has been created or may be created. In such case, complaints may be made before the magistrate of the municipality in which the violation occurred or in the county traffic court, which court shall have concurrent jurisdiction." As amended *Pamph. L.* 1940, *ch.* 212, *p.* 874, § 1; *Pamph. L.* 1942, *ch.* 334, *p.* 1178. § 1.

On the argument of the appeal, there was proof submitted to the court that there was no Justice of the Peace situate in the Township of Frelinghuysen with authority to hear motor vehicle violations and that Blairstown is the next nearest municipality to Frelinghuysen in which there is a magistrate with such authority. There was also proof submitted that the distance from Vienna to Frelinghuysen is greater than the distance from Blairstown to Frelinghuysen. The statute is clear that a complaint of this nature must be made, in the first instance, in the municipality in which the violation occurred and since there was no such magistrate available in

Frelinghuysen Township, then the complaint should have been made in the next nearest municipality, which, according to the proof before the court, was in Blairstown.

It follows, therefore, that the conviction under review is void and the order of the court is that it is reversed, and that the fine and costs imposed thereunder be remitted.